THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RICARDO APONTE, Defendant and Appellant.

No. 7485. Argued April 18, 1939.—Decided April 21, 1939.

*Cruz Ortiz Stella* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for the People, appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

A complaint. was filed against Ricardo Aponte in the Municipal Court of Yabucoa charging him with a violation of section 2 of Act No. 13 of 1917 (Sess. Laws) as amended by Act No. 25 of June 11, 1921, committed in the following manner:

"That on March 7, 1930, in Muñoz Rivera Street, leading to Humacao . . . the aforesaid defendant who is the owner of a bakery situated in the place and municipality above indicated, voluntarily and illegally did exhibit for sale in a store contiguous to his bakery, loaves of bread whose correct weight per loaf according to a label printed in the wrapper of each of said loaves should have been one pound, and latter appeared upon verifying the weight of ten of said loaves of bread selected at random, by the undersigned and weighed in the model scales supplied by the chief of the Bureau of Weights and Measurements, that they only did weigh: 413, 418, 423, 396, 418, 438, 413, 438, 433 and 416 grams respectively.   Bearing in mind that a standard pound has 453 grams, these loaves have, respectively, the following defficiencies in their weight: 40, 35, 30, 57, 35, 14, 40, 15, 20 and 37 grams, which throws an average defficiency of 32.4 grams per loaf, which amount is larger that the 'average error tolerated', which has been fixed at 15 grams per loaf of one pound by the chief of the Bureau of Weights and Measures."

After trial, the defendant was convicted. He appealed to the district court and after the trial *de novo* ordered by law, he was sentenced to pay a fine of twenty-five dollars or in default thereof to be committed in jail one day for each dollar remained unpaid. He then filed the instant appeal charging the district court with having erred in weighing the evidence and abusing its discretion in imposing the penalty.

In arguing his first assignment of error, the appellant maintains that the evidence is insufficient to support the conviction, first because having been charged with exhibiting for sale the article which was short weighed and not having been charged with selling it or offering it for sale, and since the evidence only shows that when the bread was seized from the bakery of the defendant appellant, he was not present, it is insufficient; and second, because dealing as we are with an average deficiency, the wrappers of all the loaves in question, which state the weight of each loaf, were not offered in evidence.

The witnesses for the People were Fausto Arroyo, inspector of weights and measures, and Miguel Casillas, and both parties stipulated that the latter was to testify the same as the inspector.

Arroyo stated that the defendant was the owner of a bakery with a store in its front that has a counter and a salesman, where the bread is kept for sale. From a quantity of bread kept there, he took ten loaves at random, he weighed them and found a deficiency larger than the amount of error tolerated. They were one pound loaves. The error tolerated is of 15 grams per pound, and here it appeared to be of 32 grams. The defendant was present when the bread was seized. Each loaf was wrapped. He was confronted with a wrapper and read therefrom "Panadería La Palma. —Ricardo Aponte.—Bread at ten cents per pound.—One pound.—Yabucoa, P. R."

Upon cross examination by defendant's counsel, he stated that upon arriving at the bakery José Castro waited on him

and gave him the bread. The defendant arrived later. The bread seized was admitted in evidence, and an entry was made in the record, at the repeated requests of the defendant, of the fact that one of the loaves had no wrapper, that another wrapper was unlabeled, and that the label of still another one was unintelligible. In his turn the district attorney also made it appear in the record that the wrappers were somewhat deteriorated by reason of the time elapsed.

Finally the witness stated that the bread was sold in Yabucoa in that date at ten cents per pound. Then the district attorney offered in evidence the Regulations of the Bureau of Weights and Measures promulgated by the Executive Secretary of Puerto Rico, under No. 111, which was admitted without objection and with the aforesaid stipulation concerning the testimony of Casillas, he closed his case. The defense offered in evidence the testimony of José Castro and of Santiago Rivera.

The former testified that the inspectors arrived while he was in the bakery of the defendant; that his duty there was to wait on customers; that the bread seized was in a box placed in front of the counter where he had purposely put nineteen loaves because he found them to be short weighted; that he told the inspectors that that bread was not for sale; that while they were there, a small boy came to buy bread and he hold him that they were all out of it; that when the defendant arrived the inspector had already departed.

Santiago Rivera testified that on the day of the complaint, at about 6 A. M., he purchased from the defendant's bakery seventy-five pounds of bread, and that later, at about nine o'clock, he went to buy fifteen pounds more, and was told that there was no bread, but as he saw some there he asked for an explanation and was told that "it is not for sale because it is short weighted."

After all the evidence was introduced, the judge of the district court spoke as follows:

"Let the defendant stand up. In this case a complaint has been filed against you for violating section 2 of the Act of April 13, 1917 (Sess. Laws) as amended by Act No. 25 of June 11, 1921.

"The evidence introduced by the People tends to prove that you are the owner of an establishment, or were on the date of the complaint, where you sold bread to the public in the municipality of Yabucoa, P. R. That on May 7, 1938, ten loaves of bread were seized from you. That those ten loaves of bread were weighed and found to be short in excess of the deficiency tolerated by the Regulations promulgated by the Executive Secretary of Puerto Rico, for the execution of the instant Act, which is of 15 grams more or less. That you were the manager, or that you had leased the establishment where the bread was sold.

"The evidence for the defense tends to show that if it is true that you had those loaves of bread, that you had them in a box and were not for sale, admitting that you had the bread in the establishment.

"The court thinks that the facts set forth in the complaint have been proved to its entire satisfaction.

"The violation of this statute, in the opinion of the judge, is one of the most serious and grave offenses that may be committed in any community. To sell a loaf of bread for the price of ten cents per pound, which we consider excessive, and then to sell it short weighted, constitutes a menace to society, especially for the poor who sometimes can not even buy half a pound, and if they do they purchase it short weighted.

"This judge thinks that the municipal court was very lenient with you and sentences you to pay a fine of twenty-five dollars ($25.00) or in default thereof, to be committed in jail one day for each dollar remaining unpaid."

In our opinion, the evidence is not insufficient. Having decided the conflict in favor of the prosecution, there are sufficient elements therein to conclude that the statute was violated.

It was not necessary that the defendant should be present. He was the owner of the establishment. The exhibition he is charged with took place therein, in the course of his business, and he was liable therefor.

It was not necessary, either, for all the wrappers to be introduced in evidence. The testimony of the inspectors, that was not objected, is sufficient. Furthermore, the defense itself admits that they were short weighted. They say that not only did they refuse to sell all the loaves as a whole, but also any one in particular, because of that circumstance.

The first error assigned was not committed. Nor the second one. The case of *People* v. *Bocanegra,* 52 P.R.R. ____ is not exactly like the one at bar. The attendant circumstances in that case, which are set forth in the opinion, present an entirely different situation.

Where an appeal is taken to a district court from a judgment rendered by a municipal court, a trial *de novo* takes place and, in accordance thereto, a new judgment is rendered. In the very case of Bocanegra, cited by the appellant, this Court held:

"We agree that the district court was not bound by the judgment of the municipal court, but in fixing the penalty it could have taken in consideration the proceedings in the municipal court."

And in the case at bar it appears that the district judge did take in consideration the judgment of the municipal court and considered it, correctly in our opinion, very lenient. Even the twenty-five dollar fine, being the maximum fixed by the statute, appears lenient if one considers not only the seriousness of the offense, but the attitude assumed by the defendant in offering in evidence assertions of facts that were not believed by the court.

The appeal must be dismissed and the judgment appealed from affirmed.